The next case for argument this morning is United States v. Fermin Ocampo-Tellez, Appeal No. 21-2967. Mr. Mohabit. Good morning. May it please the Court, my name is Amir Mohabit for the appellant Fermin Ocampo-Tellez. It's good to be with you, your honors. Your honors, a few minutes before the court proceeding today, there was a development, and I'd asked court staff to pass a message on to you. Did you receive that message? Why don't you tell us what the message is? Yes, your honor. Mr. Ocampo-Tellez told me this morning he does not want to proceed with this appeal. He asked me to make an oral motion to withdraw it at this time, and I'm doing that now. I can file a written motion if you would like. Mr. Mohabit, I suspect I know why he is withdrawing his appeal. Because he received the exact relief that you asked for in the appeal. And I have a question for you, okay, because we spend time, there's three of us, there's law clerks, I think you're CJA appointed, the taxpayers are paying for all of this. And when I, the first thing I did was I went to BOP.gov, which I'm sure that you are familiar with. I am, your honor. And the first thing I did in this case is, when is this guy going to get out of prison? And I saw, well actually, he was released about 10 days after you filed your brief. I think that's right, your honor. And then you still filed your reply brief in March. They were short, they didn't take me all that long to read, I read them. But how did this happen? Your honor, the reason Mr. Ocampo-Tayez does not want to go forward with the appeal is not for the reason you identified. Okay, well then maybe you could just say, what is your argument here? You asked for a five-month sentence in the district court because you wanted Mr. Ocampo-Tayez to receive credit for time served. Which Judge Cannelli told you, he couldn't do that. He couldn't order it. That was up to the BOP. The POP gave him exactly what you asked for in front of Judge Cannelli and yet you appealed. Mr. Ocampo-Tayez instructed me within the 14 days we had after judgment was imposed to file a notice of appeal. You're aware of Anders, right? I am, your honor. Okay. The Anders briefing process, yes. Yes, why didn't you do that here? My understanding, your honor, is that the court prefers for an Anders brief not to be filed. That the court prefers some issue to be argued substantively. And this is the particular issue Mr. Ocampo-Tayez wanted to proceed upon. But I can also explain to the court, if you would like me to, as to why he asked me to withdraw it this morning. It's not because he's been released. Over the course of multiple calls this morning, from approximately 845 until 920 this morning, he informed me that there is a different legal matter, not in this appeal, not in the federal system even. Such that if he were to, based on what he told me in my analysis, we concluded that if he were to prevail on this appeal, and this case goes back to the district court for resentencing, he might be resentenced with a new criminal history score. And a new offense, a new guideline range. And that is a risk that he, I think, wisely. Well, I think I am satisfied at this point because I don't know how much more you're at liberty to share if he's asked you not to make an argument this morning in the appeal that you presented. Yes, Your Honor. I agree with Judge Jackson. Excuse me, I don't know that you should be breaching his confidence. But how in the world could he possibly have won in this appeal? Your Honor, I don't know that he would have won because as an appellant, the burden is on him. But I do understand that I have to do my best for an appellant when I'm appointed to try to prevail for him. And the briefing was in that spirit. So we have before us an oral motion to dismiss the appeal. Yes. And I think unless the government has some objection to that, Mr. Fullerton. We have no objection. All right. The appeal will be dismissed. Thank you very much to all counsel. Thank you, Your Honor. Have a great day. All right.